IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RANDY EASTLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-533 |
| | § | |
| DURO LEGACY HVAC, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |
| | § | |

**COMPLAINT**

Plaintiff, RANDY EASTLACK, files this Complaint and Jury Demand against Defendant DURO LEGACY HVAC, INC. alleging willful violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES**

1. Plaintiff RANDY EASTLACK is a resident of Travis County, Texas.

2. Defendant DURO LEGACY HVAC, INC. is an entity which may be served with process through its registered agent, Victor Olowu, 4127 W. Northgate Drive, #1307, Irving, Texas, 75062.

3. Defendant DURO LEGACY HVAC, INC. was, at all times relevant to this case, Plaintiff's employer.

## II.
## JURISDICTION & VENUE

4. Jurisdiction is conferred on this Court under 28 U.S.C. § 1331 and under 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, and/or regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and (s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business. Defendant has over $500,000 in gross receipts annually. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim, including Defendant's failure to pay wages, occurred in this Division and District. Further, Plaintiff is a resident of this District and Division. Plaintiff's claims under Texas law may be heard by this court pursuant to 28 U.S.C. §1367.

### COVERAGE UNDER THE FLSA

5. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

6. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned: (a) Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).  Such handling includes, but is not limited to, equipment and supplies made in states other than Texas.

9. At all times hereinafter mentioned, Plaintiff was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).  Plaintiff's handling of goods or materials that have been moved in or produced for commerce included, but was not limited to, handling rental items that were made in states other than Texas.

### III.
### STATEMENT OF FACTS

10. Plaintiff, Randy Eastlack, was hired by Defendant on March 25, 2019, and remained employed until April 25, 2020, as a senior HVAC technician, specializing in Test Adjust and Balance (TAB).

11. During Mr. Eastlack's employment, Defendant announced via email that the company had approved working overtime in order to meet the demand they were experiencing. Mr. Eastlack regularly worked more than forty hours in each workweek, for which he should have been paid time and one-half his regular hourly rate for each hour over forty that he worked.

12. Instead of paying him the overtime as required by law, however, Defendant paid Mr. Eastlack a salary of $2,916 per pay period. The salary paid to him did not include amounts for overtime pay, and thus did not comply with the requirements for overtime pay under the Fair Labor Standards Act.

13. Mr. Eastlack was asked to work overtime on several occasions due to the lack of manpower and the loss of employees but continued to be paid on a salary basis until his termination. Mr. Eastlack kept track of all of the overtime hours he worked, and e-mailed his overtime hours to Defendant. However, Defendant never paid him for those hours.

14. In addition to the overtime hours that Mr. Eastlack is entitled to, he is owed payment for unpaid severance pay, reimbursement for parking expenses, and his final paycheck.

15. On March 21, 2019, Mr. Eastlack signed an agreement with Defendant that states in section 5.3 that:

> If (i) Employee's employment with the Company is terminated during the Initial Term by the Company without Cause, (ii) Employee executes a general release (the "Release") in favor of the Company and its affiliates in form and substance reasonably satisfactory to the Company within twenty-one (21) days of such termination and such Release becomes effective and is not revoked or rescinded, and (iii) Employee complies with the terms of this Agreement and the Release, Employee will be entitled to receive his Base Salary and benefits for a period equal to three (3) months after the date of termination. The severance payments payable to Employee pursuant to this Section 5.3 will be paid over time at the times and in the manner that Base Salary is paid pursuant to Section 3 hereof, beginning at the end of the first complete pay period following the sixtieth (60th) day following termination.

16. Mr. Eastlack was terminated on April 25, 2020, for reasons that do not constitute Cause, but has not been paid the severance payment contemplated by the agreement.

17.     At the time of his termination, Defendant also owed Mr. Eastlack reimbursement for $1,366.90 in parking expenses which he incurred for the company, and $302.83 for work done on May 24 that Defendant's owner promised to pay Mr. Eastlack in addition to the compensation owed for other work completed during the same time period.

18.     Finally, Defendant failed to pay Mr. Eastlack his final paycheck, which should have been $2,916.00.  Mr. Eastlack performed the work that would regularly and in the usual course of the parties' dealings required the Defendant to pay him $2,916.00, and yet to date has not been paid that amount.

## IV.
## CAUSES OF ACTION

### COUNT ONE
### NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF THE FLSA

19.     The acts described above violate the overtime provisions of the Fair Labor Standards Act, which requires employers to compensate their employees for each hour of time spent working on behalf of the employer, and to pay their employees at time and one-half their regular hourly rates for each overtime hour worked.  Defendant committed these violations willfully.

### COUNT TWO
### BREACH OF CONTRACT

20.     Defendant entered into an employment contract with Plaintiff. Plaintiff satisfactorily performed all employment duties and responsibilities required of Plaintiff under the employment contract with Defendant.  Defendant breached the employment contracts with Plaintiff by failing to pay Plaintiff severance pay, parking expenses, and for work performed on

May 24, 2019, for which Plaintiff is entitled to relief pursuant to the common law of contracts, and Chapter 38 of the Texas Civil Practice and Remedies Code.

### COUNT THREE
### QUANTUM MERUIT

21. If the Court finds that any of the work performed by Plaintiff did not contain a lawful wage applicable to the work duties performed by Plaintiff, or that Defendant and Plaintiff did not have a contract for the severance, expenses, or additional work performed by Plaintiff on May 24, Plaintiff is entitled to compensation in quantum meruit at the prevailing hourly wage rate applicable to the tasks Plaintiff performed for Defendant. Plaintiff performed valuable services for Defendant. Defendant directed Plaintiff to perform those services, accepted the benefit of those services and knew that Plaintiff expected compensation for those services. The above-described actions constitute unjust enrichment of the Defendants for which Plaintiffs are entitled to relief pursuant to the common law of quantum meruit, and pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

### V.
### DAMAGES

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including compensation for the overtime hours per week during which Plaintiff performed work for Defendants, but for which Defendants refused to pay Plaintiff, as well as severance pay, pay for work performed on May 24, 2019, payment for out of pocket expenses, and for the amount owing in Plaintiff's final paycheck.

23. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid compensation and an additional equal amount as liquidated damages.

Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

24. Plaintiff also seeks compensation for the out of pocket expenses and costs of court he will have incurred in this action, as well as reasonable and necessary attorneys fees. See 29 U.S.C. § 216(b); TCPRC 38.001.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

a. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

b. The Court award damages to Plaintiff as specified above;

c. The Court award reasonable and necessary attorney's fees, expert fees, and costs; and

d. The Court award pre- and post-judgment interest at the highest rates allowed by law.

Plaintiff further prays for all such other relief as the Court may find proper, at law or in equity.

Plaintiff requests a trial by jury of all issues and facts in this case.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
State Bar No. 24060888
kell@kellsimonlaw.com

ATTORNEY FOR PLAINTIFF